**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4410**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KYLE THOMPSON,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:18-cr-00105-1)

Submitted: February 6, 2020            Decided: February 19, 2020

Before GREGORY, Chief Judge, and FLOYD and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew Courtenay Craig, Courtenay A. Craig, Huntington, West Virginia, for Appellant. Michael B. Stuart, United States Attorney, L. Alexander Hamner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kyle Thompson appeals the 60-month sentence imposed by the district court following his guilty plea to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (2018). Thompson contends that (1) the test in U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (2018), to determine whether it was "clearly improbable" that he possessed a dangerous weapon in connection with drug trafficking, is unconstitutionally vague; (2) the district court erroneously applied the USSG § 2D1.1(b)(1) two-level enhancement; and (3) the district court failed to address Thompson's eligibility for the "safety valve" provision in USSG § 5C1.2(a). We affirm.

Thompson first challenges the "clearly improbable" test, which rebuts the presumption that an offender possessed a dangerous weapon in connection with drug trafficking, as unconstitutionally vague. His claim is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017).

Next, Thompson asserts that the district court clearly erred by applying the USSG § 2D1.1(b)(1) enhancement. *See United States v. Manigan*, 592 F.3d 621, 626, 631 (4th Cir. 2010) (stating standard of review); *see also Gall v. United States*, 552 U.S. 38, 51 (2007) (discussing standard for reviewing sentences). The Government bears the initial burden of proving by a preponderance of the evidence that a defendant possessed a weapon in connection with drug activities. *United States v. Bolton*, 858 F.3d 905, 912 (4th Cir. 2017). "If the Government satisfies this burden, the defendant may avoid the enhancement by showing that the weapon's link to his . . . drug activities was clearly improbable." *Id.* (internal quotation marks omitted); *see* USSG § 2D1.1 cmt. n.11(A). "[A] sentencing court

2

faced with whether to apply the weapon enhancement is entitled to take reasonable account of the settled connection between firearms and drug activities." *Manigan*, 592 F.3d at 629. Our review of the record leads us to conclude that Thompson did not satisfy his burden and, therefore, that the district court did not clearly err in applying the enhancement.

Thompson also asserts that the district court plainly erred in failing to raise sua sponte his eligibility for the safety valve provision. However, the defendant bears the burden of proving to the sentencing court by a preponderance of the evidence that he satisfied each of the safety valve's five requirements. *Bolton*, 858 F.3d at 913. We conclude that Thompson did not meet his burden because he did not seek application of the safety valve provision in the district court.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*